UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

U.S DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED    JUL 22 2026

EDc

CLERK

BYRON M. BLANCHARD,

  Plaintiff,

v.                         Civil Action No. _____

ALEXANDER SIDES SPAHT & MULLINS, LLC,

and STACY G. BUTLER, individually,

  Defendants.

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES**

**ACT AND LOUISIANA UNFAIR TRADE PRACTICES ACT**

**I. JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

2. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in the Middle District of Louisiana.

**II. PARTIES**

4. Plaintiff BYRON M. BLANCHARD is an individual residing at 9539 HighPoint Rd., Baton Rouge, Louisiana 70810, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant ALEXANDER SIDES SPAHT & MULLINS, LLC (hereinafter "the Firm") is a Louisiana limited liability company engaged in the practice of law, with its principal office

1

located at 10214 Jefferson Highway, Baton Rouge, Louisiana 70809. The Firm concentrates its practice on collection and recovery matters for lending institutions and regularly collects or attempts to collect debts owed or alleged to be owed to others, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant STACY G. BUTLER (hereinafter "Butler") is an individual licensed to practice law in Louisiana, Bar Roll No. 18236, Notary Public No. 9544, employed by or associated with the Firm as Of Counsel, whose business address is 10214 Jefferson Highway, Baton Rouge, Louisiana 70809. Butler regularly collects or attempts to collect debts owed or alleged to be owed to others, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Butler has lectured on the Fair Debt Collection Practices Act at Paul M. Hebert Law Center and is admitted to practice in the United States District Court for the Middle District of Louisiana.

### III. FACTUAL BACKGROUND

7. At all times relevant herein, Defendants were engaged in the collection of a consumer debt allegedly owed by Plaintiff to Neighbors Federal Credit Union (hereinafter "Neighbors"), consisting of a promissory note and a Visa Elite credit card account.

8. On April 13, 2025, Defendants filed a collection lawsuit against Plaintiff in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, Suit No. C-761856, Division 34 (hereinafter the "State Court Action").

9. On April 2, 2025, prior to the filing of the State Court Action, Plaintiff sent a written dispute letter to Alexander Sides Spaht & Mullins, LLC via certified mail, disputing the validity of both alleged debts and requesting full verification as provided under 15 U.S.C. § 1692g (hereinafter the "Dispute Letter"). The Dispute Letter was received by the Firm on April 8, 2025, as evidenced by the signed certified mail return receipt card. The Dispute Letter and the signed

2

return receipt card were filed in the court record of the State Court Action as Defendant's Exhibit and are attached hereto as Exhibit B and incorporated herein by reference.

10. On November 12, 2025, Butler, acting in her capacity as Notary Public No. 9544, notarized a sworn affidavit of Robert Simon, a Recovery Specialist employed by Neighbors FCU (hereinafter the "Simon Affidavit"), which was submitted by Defendants in support of their Motion for Summary Judgment in the State Court Action. A true and correct copy of the Simon Affidavit is attached hereto as Exhibit C and incorporated herein by reference.

11. Paragraph 21 of the Simon Affidavit (Exhibit C), which Butler notarized and submitted to the court, states: "Neighbors FCU has never received a dispute from BYRON M. BLANCHARD A/K/A BYRON BLANCHARD regarding the debits and credits on his credit card account." This statement was materially false. Plaintiff's certified Dispute Letter, bearing a signed return receipt card confirming delivery to the Firm on April 8, 2025 (Exhibit B), was already filed in the court record of the State Court Action as Defendant's Exhibit at the time Butler notarized and submitted the Simon Affidavit. Butler, as counsel of record in the State Court Action, had direct and actual knowledge of this filing.

12. On or about August 1, 2025, Butler, on behalf of the Firm, transmitted a collection letter to Plaintiff (hereinafter the "August 1 Letter"). Plaintiff received the August 1 Letter by email on August 1, 2025. A true and correct copy of the August 1 Letter is attached hereto as Exhibit A and incorporated herein by reference.

13. The August 1 Letter stated on its face: "Via Certified Mail Return Receipt Requested." Plaintiff did not receive the August 1 Letter by certified mail. Plaintiff received it only by email. No certified mail was ever delivered to Plaintiff in connection with the August 1 Letter.

3

14. The August 1 Letter stated that the petition had been served on Plaintiff on July 15, 2025. This representation was false. According to the sworn affidavit of process server George Steimel of Bombet, Cashio & Associates, filed in the court record of the State Court Action, service was accomplished on June 25, 2025, twenty days prior to the date stated in the August 1 Letter. A true and correct copy of the Process Server Affidavit is attached hereto as Exhibit D and incorporated herein by reference.

15. The August 1 Letter stated: "you have not filed any responsive pleadings to the petition." This representation was false and misleading. Plaintiff had in fact filed a Defendant's Response to Requests for Admissions of Fact and Genuineness of Documents in the State Court Action. The August 1 Letter itself acknowledged this filing, stating: "You did file Defendant's Response To Requests For Admissions Of Fact And Genuineness Of Documents." Defendants simultaneously acknowledged Plaintiff's filing and misrepresented that no responsive pleadings had been filed.

16. The August 1 Letter threatened that Defendants would submit a request for default judgment if responsive pleadings to the petition were not filed within seven (7) days of the letter. Under Louisiana Code of Civil Procedure Article 1001, a defendant has fifteen (15) days after service of petition to file responsive pleadings, not seven. The seven-day deadline stated in the August 1 Letter had no basis in law or in any court order.

17. The August 1 Letter did not contain any of the disclosures required by 15 U.S.C. § 1692g(a), including the amount of the debt, the name of the creditor, the right to dispute within thirty days, the right to request verification, or the right to request the name and address of the original creditor.

4

18. The August 1 Letter did not contain the disclosure required by 15 U.S.C. § 1692e(11) that the communication was from a debt collector attempting to collect a debt.

19. On January 20, 2026, the state court entered judgment against Plaintiff awarding Defendants' client, Neighbors, the amount of $18,070.15 on the Visa Elite credit card account. This amount exceeds the contractual credit limit of $15,000.00 as confirmed in Paragraph 12 of the Simon Affidavit, submitted by Butler in the State Court Action. No transaction history was produced in the State Court Action to substantiate the claimed balance above the credit limit. Plaintiff has sought appellate review of this judgment, and that appeal remains pending.

20. On December 5, 2025, Butler transmitted an email communication to Plaintiff in connection with the State Court Action. This communication did not contain the disclosure required by 15 U.S.C. § 1692e(11) that the communication was from a debt collector attempting to collect a debt.

21. As a direct and proximate result of Defendants' unlawful collection conduct, Plaintiff has incurred actual damages including state court filing costs of $795.00 paid in connection with the State Court Action and lost wages of $400.00 representing eight hours of work missed to attend court hearings at Plaintiff's rate of $50.00 per hour. Plaintiff has also suffered actual non-economic damages, including stress, mental anguish, and loss of sleep, caused by Defendants' unlawful collection conduct, the extent of which will be further supported by Plaintiff's testimony at trial. This stress also aggravated a pre-existing health condition of Plaintiff's, and diverted significant time and attention away from Plaintiff's family and loved ones that would otherwise have been spent with them. Additionally, the Neighbors account continues to be reported to consumer credit reporting agencies as a negative and derogatory account, reflecting the $18,070.15 balance that exceeds Plaintiff's contractual credit limit, causing ongoing damage

to Plaintiff's credit standing and impairing his ability to obtain credit. As a further result of this derogatory reporting, Plaintiff has since been extended credit only at higher interest rates than he would otherwise have qualified for, resulting in increased finance charges in an amount to be determined at trial. Plaintiff has also incurred additional out-of-pocket costs, including online court record access fees and copying costs, and has expended additional time responding to motions and filings necessitated by Defendants' unlawful conduct, in amounts to be further substantiated at trial.

## IV. CAUSES OF ACTION

Plaintiff does not seek review, reversal, or modification of the judgment entered in the State Court Action, including any relief that is or may become the subject of Plaintiff's pending state court appeal of that judgment. Plaintiff seeks damages solely for Defendants' independent violations of the FDCPA and the Louisiana Unfair Trade Practices Act committed in the course of their collection communications and conduct, as set forth in the counts below.

### COUNT I

### Violation of 15 U.S.C. § 1692e

### False and Misleading Representations — False Service Date and False Certified Mail Representation

### (Against Both Defendants)

22. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

23. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

24. The August 1 Letter falsely represented that service of process was accomplished on July 15, 2025, when the actual date of service was June 25, 2025, as confirmed by the sworn affidavit of

process server George Steimel filed in the court record (Exhibit D). This false representation misled Plaintiff as to the timeline of the litigation and the deadlines applicable to his response.

25. The August 1 Letter further falsely represented that it was transmitted by certified mail, when in fact Plaintiff received it only by email.

26. The foregoing false and misleading representations constitute violations of 15 U.S.C. § 1692e.

## COUNT II

### Violation of 15 U.S.C. § 1692e(2)(A)

### False Representation of the Legal Status of the Debt and Proceedings

### (Against Both Defendants)

27. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

28. Section 1692e(2)(A) of the FDCPA prohibits the false representation of the character, amount, or legal status of any debt.

29. The August 1 Letter falsely represented that Plaintiff had not filed any responsive pleadings, while simultaneously acknowledging that Plaintiff had in fact filed a Response to Requests for Admissions of Fact and Genuineness of Documents. This false representation misled Plaintiff as to the legal status of the proceedings.

30. Defendants' false representation that no responsive pleadings had been filed—made while simultaneously acknowledging Plaintiff's filed response to discovery requests—constituted a deceptive and misleading representation regarding the status of the legal proceeding, in violation of 15 U.S.C. § 1692e(2)(A).

31. The foregoing conduct constitutes violations of 15 U.S.C. § 1692e(2)(A).

## COUNT III

### Violation of 15 U.S.C. § 1692e(5)

### Threat to Take Action That Cannot Legally Be Taken

### (Against Both Defendants)

32. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

33. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

34. The August 1 Letter threatened that a request for default judgment would be submitted if responsive pleadings were not filed within seven (7) days. Under Louisiana Code of Civil Procedure Article 1001, a defendant has fifteen (15) days after service of petition to file responsive pleadings. The seven-day deadline had no basis in law or court order. Default judgment could not legally have been obtained within seven days of the August 1 Letter on the basis stated therein.

35. The foregoing conduct constitutes a violation of 15 U.S.C. § 1692e(5).

## COUNT IV

### Violation of 15 U.S.C. § 1692e(10)

### Use of False and Deceptive Means — False Sworn Affidavit

### (Against Both Defendants)

36. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

37. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

38. Butler notarized and submitted the Simon Affidavit (Exhibit C) in support of Defendants' Motion for Summary Judgment in the State Court Action. Paragraph 21 of the Simon Affidavit

states that Neighbors FCU has never received a dispute from Plaintiff. This statement was materially false. Plaintiff's certified Dispute Letter, with signed return receipt card confirming delivery to the Firm on April 8, 2025 (Exhibit B), had been filed in the court record as Defendant's Exhibit prior to Butler notarizing and submitting the Simon Affidavit. Butler, as counsel of record, had direct and actual knowledge of this filing at the time she notarized the affidavit. Butler's conduct in notarizing and submitting the Simon Affidavit was independent of and distinct from the Firm's drafting and transmission of the August 1 Letter. Each Defendant's violations arose from separate acts committed in their own respective capacities — Butler as notary and affiant-sponsor, the Firm as letter-drafter — such that each Defendant independently violated 15 U.S.C. § 1692e.

39. The submission of a sworn affidavit containing a statement materially contradicted by a document already in the court record, notarized by the attorney submitting it with actual knowledge of the contradiction, constitutes the use of false and deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

**COUNT V**

**Violation of 15 U.S.C. § 1692e(11)**

**Failure to Disclose Debt Collector Status — August 1, 2025 Letter**

**(Against Both Defendants)**

40. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

41. Section 1692e(11) of the FDCPA requires that a debt collector disclose in each communication that the communication is from a debt collector attempting to collect a debt.

42. The August 1 Letter (Exhibit A) failed to disclose that the communication was from a debt collector attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11).

## COUNT VI

## Violation of 15 U.S.C. § 1692e(11)

## Failure to Disclose Debt Collector Status — December 5, 2025 Communication

## (Against Both Defendants)

43. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

44. The December 5, 2025 email communication from Butler to Plaintiff in connection with the State Court Action failed to disclose that the communication was from a debt collector attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11).

## COUNT VII

## Violation of 15 U.S.C. § 1692f(1)

## Collection of Amount Not Authorized by Agreement or Law

## (Against Both Defendants)

45. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

46. Section 1692f(1) of the FDCPA prohibits a debt collector from collecting any amount, including interest, fees, charges, or expenses incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

47. Defendants sought to collect, and represented to Plaintiff that he owed, an amount — $18,070.15 — that Defendants knew or should have known was not expressly authorized by the credit agreement, which capped the credit limit at $15,000.00 as confirmed in Paragraph 12 of the Simon Affidavit (Exhibit C). The amount sought exceeds the contractual credit limit by more than twenty percent, and no transaction history was ever produced to substantiate the excess. Defendants' pursuit and representation of this unauthorized amount — independent of the state court's judgment — constitutes a violation of 15 U.S.C. § 1692f(1).

## COUNT VIII

### Violation of 15 U.S.C. § 1692g(a)

### Failure to Provide Required Validation Notice

### (Against Both Defendants)

48. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

49. Section 1692g(a) of the FDCPA requires that within five days of the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer disputes the validity of the debt within thirty days after receipt of the notice, the debt collector will assume the debt is valid; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed, the debt collector will obtain verification of the debt; and (5) a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor.

50. The August 1 Letter (Exhibit A) contained none of the disclosures required by 15 U.S.C. § 1692g(a). The failure to provide these disclosures constitutes a violation of 15 U.S.C. § 1692g(a).

## COUNT IX

### Violation of the Louisiana Unfair Trade Practices Act

### La. R.S. 51:1401 et seq.

### (Against Both Defendants)

51. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

52. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

11

53. The Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

54. Defendants' conduct as alleged herein, including the use of false representations in collection communications, the fabrication of legally baseless deadlines, false statements regarding the status of legal proceedings, the submission of a sworn affidavit containing a materially false statement with actual knowledge of its falsity, and the collection of amounts exceeding the contractual limit, constitutes unfair and deceptive acts or practices in violation of La. R.S. 51:1405.

55. As a result of Defendants' violations, Plaintiff has suffered actual damages, including pecuniary losses, lost wages, and non-economic damages including stress, mental anguish, and loss of sleep as described in paragraph 21 herein.

56. Pursuant to La. R.S. 51:1409, Plaintiff is entitled to recover actual damages and reasonable attorney fees. Plaintiff does not presently allege the prior Attorney General notice required by La. R.S. 51:1409(A) for an award of treble damages, and reserves the right to seek treble damages should such notice be established through discovery.

### V. DAMAGES

57. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to recover:

(a) Actual damages in the amount of $795.00 for state court costs and $400.00 for lost wages, each incurred as a direct result of Defendants' unlawful collection practices, plus additional actual non-economic damages for stress, mental anguish, and loss of sleep according to proof at trial, and for continuing damage to Plaintiff's credit standing, increased finance charges, and additional out-of-pocket costs caused by Defendants' collection conduct, pursuant to 15 U.S.C. § 1692k(a)(1);

(b) Statutory damages in the amount of $1,000.00 per Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) The costs of this action and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

58. As a result of Defendants' violations of the Louisiana Unfair Trade Practices Act, Plaintiff is entitled to recover actual damages (including out-of-pocket costs and compensation for mental anguish) and reasonable attorney fees pursuant to La. R.S. 51:1409. As set forth above, an award of treble damages requires a showing of prior Attorney General notice under La. R.S. 51:1409(A), which is not presently alleged.

## **VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BYRON M. BLANCHARD respectfully prays that this Court:

(a) Enter judgment against Defendants for actual damages of no less than $795.00 in pecuniary losses, $400.00 in lost wages, plus additional non-economic damages for stress, mental anguish, and loss of sleep to be determined at trial, including continuing damage to Plaintiff's credit standing, increased finance charges, and additional out-of-pocket costs, pursuant to 15 U.S.C. § 1692k(a)(1) and La. R.S. 51:1409;

(b) Enter judgment against Defendants for statutory damages of $1,000.00 per Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) To the extent Plaintiff establishes that Defendants knowingly continued the unlawful practices alleged herein after having been put on notice by the Attorney General as required by La. R.S. 51:1409(A), enter judgment against Defendants for treble damages;

(d) Award Plaintiff the costs of this action and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and La. R.S. 51:1409;

(e) Grant such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

**PLAINTIFF'S EXHIBIT LIST**

Pursuant to Local Rules for the U.S. District Court, Middle District of Louisiana, Plaintiff attaches the following exhibits in support of this Complaint:

Ex. A — Collection Letter dated August 1, 2025. Transmitted via email by Defendant Butler; contains false service date, improper 7-day default threat, and missing statutory disclosures (Complaint ¶¶ 12–18).

Ex. B — FDCPA Written Dispute Letter & Certified Return Receipt. Dispute sent April 2, 2025; green card confirms receipt by Firm on April 8, 2025 (Complaint ¶ 9).

Ex. C — Sworn Affidavit of Robert Simon (Recovery Specialist). Notarized by Defendant Butler on November 12, 2025; falsely claims credit union never received a dispute (Complaint ¶¶ 10–11).

Ex. D — Affidavit of Service by Process Server George Steimel. Confirms actual service date of June 25, 2025, contradicting the July 15, 2025 date asserted in Exhibit A (Complaint ¶ 14).

Respectfully submitted,

BYRON M. BLANCHARD, Pro Se Plaintiff

9539 HighPoint Rd.

Baton Rouge, Louisiana 70810

Telephone: (225) 202-2946

Dated: July 22, 2026

14